Michael H. Meyer, Esq. #82336
Chapter 13 Trustee
Deanna K. Hazelton, #202821
Senior Staff Attorney
Sarah R. Velasco, #255873
Staff Attorney
PO BOX 28950
Fresno, California 93729-8950
Telephone (559) 275-9512
Fax (559) 275-9518
E-mail: cvinson@meyer13.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

In re:

Clyde Leroy Ables

Rachel Serna Ables

        Debtors,

Case No.: 19-14783-B-13F

CHAPTER 13

DC NO. MHM-1

CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

DATE: January 23, 2020
TIME: 9:30 AM
PLACE: U.S. Courthouse
       Dept. B, Courtroom 13, 5th Floor
       2500 Tulare Street
       Fresno, Ca 93721

JUDGE: Hon. Rene Lastreto II

**MICHAEL H. MEYER**, Chapter 13 Trustee in the above referenced matter, objects to confirmation of the Chapter 13 Plan filed on November 15, 2019, on the following grounds:

**I.**

**BASIS OF OBJECTION**

The plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is at least the amount that would be paid on such claim if the estate of the Debtor(s) was liquidated under a Chapter 7 of this title on such date. [11 U.S.C. §1325(a)(4)]

/////

Debtors propose a 0% plan, but have non-exempt assets totaling $2,650.00. The Chapter 7 Trustee compensation would total $662.50. Debtors would be required to pay $1,987.50 in a Chapter 7 to unsecured creditors. Therefore, debtors have not demonstrated that they are paying through the plan that which unsecured creditors would receive in the event of a Chapter 7.

## II.

## **POINTS AND AUTHORITIES**

11 U.S.C. §1322(a) provides that a plan shall provide for certain payments to creditors and for payment of claims within specified classes. Pursuant to 11 U.S.C. §1325(a)(1) the Court shall confirm a plan if the plan complies with the provisions of Chapter 13 and with other applicable provisions of this title.

11 U.S.C. §1325(a) provides that the Court shall confirm a plan if certain criteria set forth in §1325(a) is met.

The debtors carry the burden of proving, by a preponderance of the evidence that the plan complies with the statutory requirements of confirmation. In re Arnold and Baker Farms, 177 B.R.648, 654 (9th Cir. BAP 1994), In re Warren, 89 B.R. 87, 93 (9th Cir. BAP 1988), In re Wolff, 22 B.R.510, 512 (9th Cir. 1982).

**WHEREFORE**, the Trustee requests that the Trustee's objection to confirmation of the plan be sustained.

Dated: 1-3-20                                Respectfully submitted,

/s/ Michael H. Meyer
Michael H. Meyer, Chapter 13 Trustee